# United States District Court
for
## Middle District of Tennessee

## Petition for Warrant for Offender Under Supervision

Name of Offender: <u>Patrick Edward Smith</u>  Case Number: <u>3:08-00117</u>

Name of Sentencing Judicial Officer: <u>Honorable William J. Haynes, Jr., Chief United States District Judge</u>

Date of Original Sentence: <u>February 13, 2009</u>

Date of Revocation Sentence: <u>October 17, 2012</u>

Original Offense: <u>18 U.S.C. § 922(g)(1) Felon in Possession of a Firearm</u>

Original Sentence: <u>39 months' custody followed by 3 years' supervised release</u>

Revocation Sentence: <u>9 months' custody followed by 2 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>   Date Supervision Re-Commenced: <u>July 15, 2013</u>

Assistant U.S. Attorney: <u>Lynne Ingram</u>   Defense Attorney: <u>Mike Holley</u>

## PETITIONING THE COURT

☐ To issue a Summons
**X** To issue a Warrant

## THE COURT ORDERS:

☐ No Action
☒ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons
☐ Other

Considered this _5th_ day of _November_, 2013,
and made a part of the records in the above case.

_____
William J. Haynes, Jr.
Chief U. S. District Judge

I declare under penalty of perjury that
the foregoing is true and correct.
Respectfully submitted,

_____
Kara Sanders
U.S. Probation Officer

Place       Nashville, TN

Date        October 31, 2013

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|

1. **The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.**

   Mr. Smith tested positive for cocaine on July 29, 2013 and September 17, 2013. He did admit to using cocaine each occasion. These violations were previously reported to the Court and no action was taken and he was allowed to continue on supervision.

   On October 18, 2013, during a home contact, Mr. Smith admitted to U.S. Probation Officer Kara Sanders that he used cocaine on or about October 15, 2013, while with a female friend. He was instructed to report for a drug test on October 18, 2013.

2. **The Defendant shall follow the instruction of the probation officer.**

   On October 16, 2013, Mr. Smith failed to report for a drug test as directed. On October 18, 2013, Mr. Smith was instructed by Officer Sanders to report for a drug test and failed to report as directed. On October 29, 2013, Mr. Smith failed to report for a drug test as directed.

3. **The defendant shall notify the probation officer at least 10 days prior to any change in residence.**

   On October 30, 2013, Officer Sanders conducted a home contact and Mr. Smith's father reported he had not seen him in five days. Mr. Smith is considered an absconder as he has failed to report a current residence.

4. **Shall continue medical protocol prescribed by prison health officials for both mental health and substance abuse treatment.**

   Mr. Smith failed to attend mental health and substance abuse treatment as directed in September and October 2013.

   The Bureau of Prisons recommended that Mr. Smith continue his mental health and drug treatment during his supervised release. Patrick Smith was re-instated with mental health and substance abuse treatment with Centerstone Mental Health in July 2012. He was previously diagnosed with Bipolar Disorder, cannabis dependence and cocaine abuse. He was instructed to attend treatment on a bi-weekly basis.

He did not show for individual treatment on August 14, 2013, but he did attend as directed on August 7 and 21, 2013. As a response to the September 17, 2013, positive drug test, his treatment was increased to weekly substance abuse group. Mr. Smith only attended one individual treatment session in September 2013. Mr. Smith did not show for his individual treatment sessions on October 4, 11, and 22, 2013.

On October 18, 2013, Officer Sanders instructed him to enroll in Elam Center for a 28-day inpatient treatment program. He stated he wanted to do this and would enroll. To date Mr. Smith has provided no documentation of attempting to enter Elam Center.

## Compliance with Supervision Conditions and Prior Interventions:

Patrick Smith began his second term of supervised release on July 15, 2013, after his release from state custody for the burglary conviction.

In March 2012, Your Honor issued a summons for Mr. Smith. He appeared on the summons March 9, 2012, and was not detained. In June 2012, Your Honor issued a warrant for Mr. Smith, as he continued to violate the conditions of his release. On October 17, 2012, an Agreed Order was granted to revoke Mr. Smith's supervised release based on his non-compliance with his conditions and a burglary conviction. He was ordered to serve nine months' custody, concurrent with his state sentence, with two years of supervised release to follow.

Mr. Smith did reside with his father from July to September 2013. He was employed with Industrial Staffing in August of 2013. On or about September 25, 2013, Mr. Smith reports he was hit by a car while riding his bicycle on Trinity Lane. Mr. Smith never provided any hospital documentation, but did appear to have injuries consistent with his report. He also reports a police report was not filed.

## U.S. Probation Officer Recommendation:

Based on Mr. Smith's continued drug use, failure to report his location or residence and failure to comply with treatment and instructions of the probation officer, it is respectfully recommended that a warrant be issued and Mr. Smith appear before Your Honor for a revocation hearing to address his continued violation behavior.

The U.S. Attorney's Office concurs with the probation officer's recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
## UNITED STATES V. PATRICK EDWARD SMITH, CASE 3:08-00117

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** Post April 30, 2003        **Protect Act Provisions**

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 Years (Class C felony) 18 U.S.C. § 3583(e)(3) | 8-14 Months | No recommendation |
| SUPERVISED RELEASE: | 3 years minus term of imprisonment 18 U.S.C. 3583(h) | 1-3 years U.S.S.G 5D1.2(a)(2) | No recommendation |

18 U.S.C. 3583(g)(3) provides for mandatory revocation for refusal to comply with drug testing if the defendant refuses to comply with drug testing imposed as condition of supervised release.

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke supervised release; or (B) extend the term of supervised release and/or modify the conditions of supervision. U.S.S.G § 7B1.3(a)(2).

Respectfully submitted:

*/s/ Kara Sanders*

Kara Sanders
U.S. Probation Officer Specialist

Approved:

*/s/ Britton Shelton*

Britton Shelton
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Patrick Edward Smith

2. **Docket Number** *(Year-Sequence-Defendant No.)* 3:08-00117

3. **District/Office** Middle District of Tennessee

4. **Original Sentence Date** 2 / 13 / 2009
                             month  day  year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant* No.) _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| shall not purchase, possess, use, distribute or administer a controlled sub | c |
| shall follow instructions of the probation officer | c |
| shall notify the probation officer 10 days prior to any change in residence | c |
| shall continue BOP protocol for mental health and substance abuse | c |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))* — c

9. **Criminal History Category** *(see §7B1.4(a))* — VI

10. **Range of Imprisonment** *(see §7B1.4(a))* — 8-14 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

LF021
REV 05/01

**Defendant** Patrick Edward Smith

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____          Community Confinement _____

    Fine($)      _____          Home Detention          _____

    Other        _____          Intermittent Confinement _____

13. **Supervised Release**

    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from  2-3 years
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002